UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**DEANDRE HOPSON**                                                                         **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 3:12CV-728-H**

**COUNTY CLERKS OFFICE** *et al.*                                  **DEFENDANTS**

**MEMORANDUM OPINION**

Unrepresented by counsel, Plaintiff DeAndre Hopson filed a one-page, typewritten complaint. Because the last sentence ends mid-sentence, it appeared that the complaint was missing a page or pages. For this reason by Memorandum and Order entered November 21, 2012, the Court provided Plaintiff with 21 days within which to supply the missing page(s), if any, that he wished to attach to the complaint. The Court advised that after the expiration of the 21 days, it would perform an initial review of the complaint and any missing page(s) that Plaintiff filed pursuant to 28 U.S.C. § 1915(e). The time having expired and Plaintiff having filed no additional pages, the Court will review the one-page complaint.

**I.**

Plaintiff states that he is filing his complaint "under conspiracy of rights **18 USC section 241** deprivation of rights." As Defendants, Plaintiff names the "County Clerks Office"; "Frank McScagui - Terrorist"; Federal Clerks; Judge James Shakes; Susan Gibson; Charlie Cunningham; "Brain Edwards"; "Commonwealth Attorneys Office"; Governor Steve Beshear;[1] "Cash Crash (Adam Solinger & Robert Hump)"; and Ruth Spencer. He states that the "actions of this complaint took place at Circuit court, civil case #10-ci-008797 in division #2 also at solar

---

[1] Plaintiff actually sues "Governor Steve Brasher," but the Court takes judicial notice that Steve Beshear is the Governor of Kentucky.

charges of Hopson's in division 12, also court for division 4 case at the new court building." Plaintiff further states that "Governor Steve [Beshear] is also leader of this court system of Louisville Kentucky, which is direct relative to Rob Hump of Cash Crash." The complaint contains no request for relief.

## II.

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d

1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

Plaintiff fails to state a claim upon which relief may be granted. The complaint is devoid of facts against each named Defendant. Further, the statute under which Plaintiff brings his action, 18 U.S.C. § 241, is a federal criminal statute that does not give rise to any private civil cause of action, *see United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003), and "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts.").

For these reasons, the Court will dismiss the action by separate Order.

Date:

cc: Plaintiff, *pro se*
4412.005

3